Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/17/2022 08:09 AM CDT

State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator,
v. Mark D. Kratina, Sr., respondent.

___ N.W.2d ___

Filed March 25, 2022.    No. S-21-686.

Original action. Judgment of disbarment.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Per Curiam.

## INTRODUCTION

This case is before the court on the voluntary surrender of license and the motion to terminate proceedings filed by the respondent, Mark D. Kratina, Sr., on January 25, 2022. The court accepts the respondent's voluntary surrender of his license and enters a judgment of disbarment. The respondent's motion to terminate proceedings is moot and, accordingly, overruled.

## STATEMENT OF FACTS

The respondent was admitted to the practice of law in the State of Nebraska on July 2, 1976, and at all times relevant to this proceeding, he was engaged in the practice of law in Omaha, Nebraska. On January 25, 2022, the respondent filed a voluntary surrender of his license to practice law. He stated that on August 5, 2021, the chairperson of the Committee on Inquiry of the Second Judicial District filed an application

- 281 -

Nebraska Supreme Court Advance Sheets
311 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. KRATINA
Cite as 311 Neb. 280

for temporary suspension of the respondent's license, and on September 30, 2021, the respondent was suspended from the practice of law. He has not been reinstated.

The respondent states that for purposes of this voluntary surrender, he knowingly does not challenge or contest the truth of allegations and waives all proceedings against him. He thus acknowledges that without the knowledge or consent of his clients, the respondent withdrew his clients' funds and misappropriated them for his own use. Subsequently, the respondent made false statements to another attorney and to the Counsel for Discipline to the effect that the funds had been maintained in the trust account.

The Counsel for Discipline attempted to audit the respondent's trust accounts, but the respondent failed to produce any of the requested documents. The Counsel for Discipline served a subpoena duces tecum on the respondent's bank to obtain the respondent's trust account bank statements, which revealed that he misappropriated his clients' funds in June and August 2017.

The Counsel for Discipline has continued to examine the respondent's trust accounts, which has raised further concerns with respect to costs and advanced expenses paid to the respondent from the same clients' settlements. The respondent states that he has provided to the Counsel for Discipline all reasonably available documentation with regard to the costs and advanced expenses, including written testimony from his office staff showing the records relied on to invoice for costs and expenses. He has provided the Counsel for Discipline with settlement sheets for all of his personal injury clients from June 2017 to June 2021 whose settlements would have been run through his trust account. He states that no client has failed to receive funds that he or she was due.

The respondent has been previously disciplined by this court. On January 5, 2001, the respondent was publicly reprimanded when his negligence led to a discrepancy in his

- 282 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
311 NEBRASKA REPORTS
STATE EX REL. COUNSEL FOR DIS. v. KRATINA
Cite as 311 Neb. 280

trust account. And on April 4, 2008, the respondent was suspended for 60 days after advancing sums to a client for transportation and rent.

The respondent stated that he voluntarily surrenders his privilege to practice law in the State of Nebraska; waives his right to notice, appearance, or hearing prior to the entry of an order of disbarment; and consents to the entry of an immediate order of disbarment, with special conditions.

## ANALYSIS

Neb. Ct. R. § 3-315 of the disciplinary rules provides in pertinent part:

> (A) Once a Grievance, a Complaint, or a Formal Charge has been filed, suggested, or indicated against a member, the member may voluntarily surrender his or her license.
>
> (1) The voluntary surrender of license shall state in writing that the member knowingly admits or knowingly does not challenge or contest the truth of the suggested or indicated Grievance, Complaint, or Formal Charge and waives all proceedings against him or her in connection therewith.

Pursuant to § 3-315 of the disciplinary rules, we find that the respondent has voluntarily surrendered his license to practice law and knowingly does not challenge or contest the truth of the allegations made against him. Further, the respondent has waived all proceedings against him in connection therewith. We further find that the respondent has consented to the entry of an order of disbarment, including the special conditions set forth below. The Counsel for Discipline does not oppose the voluntary surrender on conditions.

## CONCLUSION

Upon due consideration, the court accepts the respondent's voluntary surrender of his license to practice law, finds that the respondent should be disbarred, and hereby orders him disbarred from the practice of law in the State of Nebraska,

- 283 -

Nebraska Supreme Court Advance Sheets
311 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. KRATINA
Cite as 311 Neb. 280

effective immediately. We impose the following special conditions upon the respondent:

(1) The respondent will not seek readmission to the bar of Nebraska or any other court or tribunal which regulates the practice of law.

(2) In the event that the respondent attempts to seek readmission to the practice of law, his judicial admissions in this case regarding the motion for temporary suspension will serve as good cause why any such application for admission should be denied.

(3) The respondent knowingly, intelligently, and voluntarily waives any objection to the procedure by which this court enters any order accepting his voluntary surrender and imposes any special conditions.

(4) This order shall not prohibit the Committee on Inquiry, the Counsel for Discipline, or this court from initiating any investigation into new or different charges that were not reasonably known to the Committee on Inquiry or the Counsel for Discipline.

(5) Any violation by the respondent to the terms of the order approving the voluntary surrender of his license to practice law may be enforced by the direct contempt powers of this court.

The respondent shall forthwith comply with all terms of Neb. Ct. R. § 3-316 (rev. 2014) of the disciplinary rules, and upon failure to do so, he shall be subject to punishment for contempt of this court. Accordingly, the respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012) and Neb. Ct. R. §§ 3-310(P) (rev. 2022) and 3-323 of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

The respondent's motion to terminate proceedings is overruled as moot.

JUDGMENT OF DISBARMENT.